**UNITED STATES of America,**
**Plaintiff,**

v.

**Ernest O. PIPER, Luella Piper, Lena A. Piper, Defendants.**

**Civ. A. No. 3751.**

United States District Court
E. D. Illinois.

Dec. 26, 1961.

Carl W. Feickert, U. S. Atty., Eastern Dist. of Illinois, East St. Louis, Ill., for the United States.

No appearance for defendants.

JUERGENS, District Judge.

The United States of America filed its complaint to effect collection of certain sums allegedly due to the United States by the defendants for income taxes and withholding taxes together with interest and penalties.

The complaint alleges that there is due to the United States from Ernest O. Piper and Luella Piper certain income taxes for the calendar years 1951–1954, inclusive, plus interest and penalties, amounting to $1,468.51; that there is due to the United States from defendant Lena A. Piper for income taxes for the calendar years 1951 to 1954, inclusive, plus interest, the sum of $541.61; and that there is due to the United States from defendants Ernest O. Piper and Lena A. Piper, d/b/a Piper's Ritz Cafe, withholding taxes and penalties and in-

terest totaling $3,125.51 and from the same defendants for Federal unemployment taxes, plus penalties and interest, the amount of $2,257.76 for which the Government seeks to obtain judgment against the defendants.

The defendants sent a letter to this Court on April 24, 1961, in which they state they made a compromise offer to the Treasury Department, which they paid in full, and that later a Justice Department representative contacted and instructed them to submit a new offer of compromise, which it is alleged they did, and further that he informed them not to make any payments until such time as they had been notified of the acceptance by the United States. They further state they have not been advised in writing that the Justice Department has accepted their new offer and that they have paid no money toward the compromise offer. The defendants further set out in the letter that they have received a clearance from their creditors from the courts and that most of the outstanding warrants at that time were cleared by bankruptcy.

The Court has for consideration at this time the motion of the United States for summary judgment.

With the motion for summary judgment appears certificate of assessments and payments for individual income taxes of the taxpayers Ernest O. and Luella Piper covering the years 1951, 1952, 1953 and 1954, wherein the amount of liability is shown and the payments made thereon and the balance due from the taxpayers for the years in question. An examination of this certificate shows that there is in fact the sum of $1,468.51 plus interest due to the United States by Ernest O. Piper and Luella Piper for individual income taxes for the years 1951, 1952, 1953 and 1954.

There also appears certificate of assessments and payments of individual income taxes for the taxpayer Lena A. Piper, wherein is shown the liability, the payments and the balance due for the years 1951, 1952, 1953 and 1954. This certificate shows that there is due to the United States from Lena A. Piper the

sum of $350.63 plus interest for unpaid income taxes for the years 1952, 1953 and 1954.

There is also a certificate of assessments and payments for withholding taxes for the taxpayers Ernest O. and Lena A. Piper, d/b/a Piper's Ritz Cafe, for the 4th quarter of the year 1950, the 1st and 2nd quarters of the year 1951, the 1st and 3rd quarters of the year 1953, the 2nd quarter of the year 1954, and the 2nd quarter for the year 1955, wherein it appears that there is due and owing to the United States for taxes withheld the amount of $3,125.51.

There is also a certificate of assessments and payments for F.U.T.A. taxes in the name of taxpayers Ernest O. Piper aud Lena A. Piper, d/b/a Piper's Ritz Cafe, for the tax years 1950, 1951, 1952 and 1953, which shows a balance due in the amount of $2,257.76.

An affidavit also accompanies the motion for summary judgment. In the affidavit it is averred that the affiant is employed by the United States of America as trial attorney assigned to the Tax Division of the Department of Justice; that in the course of his employment he was assigned to the instant proceedings and is responsible for the conduct of the Government's case; that pursuant to the performance of his duties he has examined the files of the Department of Justice and ascertained that the files of the Department of Justice do not indicate that the taxpayers, Ernest O. Piper, Luella Piper and Lena A. Piper, have entered into a compromise settlement with the Department of Justice concerning the outstanding tax liability involved in the instant proceedings.

■ It should first be pointed out that taxes levied by the United States are not discharged in a bankruptcy proceeding. Section 35 of Title 11 U.S.C.A., provides in pertinent parts as follows:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, * * *."

Thus, it appears that the bankrupt proceeding has no effect whatever on the taxes due by the defendants to the United States.

Compromise of tax due to the United States is provided by Section 7122 of the Internal Revenue Code, 1954, 26 U.S.C.A. § 7122.

Section 7122 of the Internal Revenue Code of 1954 provides in pertinent parts as follows:

"* * * Whenever a compromise is made by the Secretary or his delegate in any case, there shall be placed on file in the office of the Secretary or his delegate the opinion of the General Counsel for the Department of the Treasury or his delegate, with his reasons therefor, with a statement of—

"(1) The amount of tax assessed,

"(2) The amount of interest, additional amount, addition to the tax, or assessable penalty, imposed by law on the person against whom the tax is assessed, and

"(3) The amount actually paid in accordance with the terms of the compromise."

The affidavit filed with the motion for summary judgment clearly establishes that there was in fact no compromise entered into between the United States and these defendants which would in any way affect the taxes due by the defendants to the United States.

■ The Court finds that there is due to the United States from the defendants Ernest O. Piper and Luella Piper the sum of $1,468.51 for unpaid income taxes assessed them, together with interest thereon; that there is due to the United States from the defendant Lena A. Piper the sum of $350.63 for unpaid income taxes; and that there is due to the United States from Ernest O. Piper and Lena A. Piper, jointly and severally, the sum of $5,383.27 for unpaid withholding taxes and unemployment taxes.

Judgment should be entered for the United States and against the defendants Ernest O. Piper and Luella Piper in the

amount of $1,468.51 for unpaid income taxes assessed against them for the years 1951 through 1954, together with interest; and in favor of the United States and against the defendant Lena A. Piper in the amount of $350.63 for unpaid income taxes for the years 1952 through 1954; and in favor of the United States and against the defendants Ernest O. Piper and Lena A. Piper, jointly and severally, in the sum of $5,383.27 for unpaid withholding taxes for the last quarter of 1950, 1st and 2nd quarters of 1951, the 1st and 3rd quarters of 1953, the 2nd quarter of 1954 and the 2nd quarter of 1955, and for unemployment taxes for the years 1950 through 1954 together with interest.

The above and foregoing shall be considered findings of fact and conclusions of law.